FILED
2015 MAR -9 P 1:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Jason and Kathleen Augsburger,

Plaintiffs,

v.

Eastpoint Recovery Group, Inc; and DOES 1-10, inclusive,

Defendants.

: Civil Action
: CV-15-P-0404-S
: COMPLAINT AND DEMAND FOR
: JURY TRIAL

## COMPLAINT

For this Complaint, the Plaintiffs, Jason and Kathleen Augsburger, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Jason and Kathleen Augsburger ("Jason" "Kathleen" together known as "Plaintiffs"), are adult individuals residing in Pelham, Alabama, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Eastpoint Recovery Group, Inc ("Eastpoint"), is a New York business entity with an address of 29 Mississippi Street, Suite 200, Buffalo, New York 14203, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Eastpoint and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Eastpoint at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Kathleen allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Eastpoint for collection, or Eastpoint was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

2

### B. Eastpoint Engages in Harassment and Abusive Tactics

12. Within the last year, Eastpoint contacted Plaintiffs in an attempt to collect the Debt.

13. In or around November, 2014, Eastpoint contacted Jason's Mother, Susan Tibadel, and threatened to take legal action against the Plaintiffs.

14. To date, Eastpoint has not taken legal action against Plaintiffs.

15. To date, Kathleen has not received a letter in the mail from Eastpoint.

### C. Plaintiffs Suffered Actual Damages

16. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

18. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

3

21. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that could not legally be taken or that was not intended to be taken.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ALABAMA DECEPRIVE TRADE PRACTICES ACT – ALA CODE § 8-19-1, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Alabama Deceptive Trade Practices Act, as defined by Ala. Code § 8-19-1 et seq.

30. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual or statutory damages and reasonable attorney's fees and costs.

4

## COUNT III
## INVASION UPON PRIVACY BY INTRUSION UPON SECLUSION

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.     Alabama further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Alabama state law.

34.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

36.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §

5

1692k(a)(3) against the Defendants;

4. Injunctive relief, actual and statutory damages pursuant to Ala. Code § 8-19-10 against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ala. Code § 8-19-10 against the Defendants;

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 4, 2015

Respectfully submitted,

By _____
Curtis R. Hussey (ASB 7684 S57C)
Hussey Law Firm, LLC
10 N. Section Street #122
Fairhope, Alabama 36532
Telephone: (251) 928-1423
Facsimile: (888) 953-6237
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs
Jason and Kathleen Augsburger